DAVIS, DIRECTOR GENERAL OF RAILROADS, *v.* THE
EARLY & DANIEL COMPANY.

*Carriers—Delay of shipment—Liability for loss occasioned there-
by—Defenses—Act of public enemy—Freight congestion due
to war.*

A common carrier is not excused from liability for a loss caused
by delay in the delivery of a domestic shipment of goods,
where such delay is due to complications and fears of hazard
arising from an act of a public enemy of the country.

(Decided February 13, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,*
for plaintiff in error.
*Messrs. Hunt, Bennett & Utter,* for defendant in
error.

CUSHING, J.   The Early & Daniel Company
shipped seventeen cars of wheat from Cincinnati
to Philadelphia, Pa., in August, 1918.   There was
such delay in transporting and unloading the cars
that the grade of the wheat was materially changed.
An action was filed to recover the amount of the
loss.   The jury returned a verdict for plaintiff, and
this action is prosecuted to reverse that judgment.

It is admitted that there is no dispute as to the
facts developed at the trial.

Counsel for plaintiff in error state that the five
special charges requested were all intended and
adapted to submit to the jury the question whether
or not the delays, of which plaintiff below com-
plained, were the result of the act of the public
enemy.

The shipment was domestic, and the fact that this

grain was for export to an allied country does not change the character of the shipment, nor the rules of law applicable to the carrier.

The only direct testimony in the record that tends in any way to establish that the war between the United States and Germany was the cause of the delay is found at page 86 of the depositions:

"Q. Was there about this time any delay in ships taking their berths, after it had been cleared by the departure of the ship which had been there?

"A. There was a great dearth of boats. The steamers did not turn up as they had been promised, due to various causes peculiar to war conditions, I suppose submarines," etc.

The rule is well stated in *Illinois Central Rd. Co. v. McClellan,* 54 Ill., 58. In that case it was held that accumulation of cars and freight at a place of delivery, such that the company could not reach the point within a reasonable time, would not exonerate the carrier for delays, it being within the power of the company to have removed the obstruction. The contract did not contain a provision against such a contingency. In the absence thereof, the carrier will not be relieved of responsibility for delays, even though international complications render transportation more hazardous and cause the delay.

While the act of a public enemy of the country will excuse the carrier from liability for a loss caused by delay, the rule has not been extended so far as to excuse the carrier for delay in a domestic shipment.

The trial court was correct in refusing to give the special charges requested.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.